# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

———————————

DANY COC CAAL,

      Petitioner,

v.                                                                           No. 26-cv-2086-KWR-KRS

WARDEN, *et al*,

      Respondents,

## <u>ORDER DIRECTING AMENDMENT</u>

This matter comes before the Court on the Letter Regarding Immigration Detention (Doc. 1) (Letter-Pleading).   Petitioner is an immigration detainee and is proceeding *pro se*.   The Letter-Pleading consists of one paragraph.   It states that Petitioner has been detained for three months and wishes to voluntarily depart the United States.   On this record, the Court cannot discern the requested remedy under 28 U.S.C. § 2241; the facts supporting relief; or the basis for Petitioner's detention (*i.e.,* 8 U.S.C. § 1226, 8 U.S.C. § 1231, etc.).

Petitioner must file a single amended § 2241 petition within twenty-one (21) days of entry of this Order.   By the same deadline, Petitioner must prepay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*.   The § 2241 amendment should specify: (1) when Petitioner entered the United States; (2) what process (bond hearings, etc.) Petitioner has received so far and the reason for any denial of bond; (3) whether Petitioner is subject to a removal order; and (4) why Petitioner believes the detention is illegal.   Petitioner may find it helpful to include any orders from the immigration court, but documentary evidence is not required at this stage.   The failure to timely comply with this Order may result in dismissal of this case without prejudice.   <u>All</u>

documents filed in this case must include the case number, No. 26-cv-2086-KWR-KRS.

Petitioner is reminded that this Court cannot allow noncitizens to permanently remain in the United States or make any determination as to immigration status.  Pursuant to 8 U.S.C. § 1252, known as the "zipper clause," Federal District Courts lack jurisdiction over claims challenging removal orders.  *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).  This includes "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar. *Id.* at 317.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall: (a) file an amended § 2241 petition as set forth above; and (b) prepay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

2